UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TOMMY STOWE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| CUMBERLAND FARMS, INC. | ) |
| | ) |
| Defendant. | ) |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Cumberland Farms, Inc. ("Defendant") hereby notices the removal of this action from the Superior Court of the State of Maine, Cumberland County (the "State Court") to the United States District Court for the District of Maine. In support of this Notice of Removal, Defendant states as follows:

### STATE COURT ACTION

On or about December 27, 2021, Tommy Stowe ("Plaintiff") commenced an action in the State Court, captioned Tommy Stowe v. Cumberland Farms, Inc., Docket No. CV-2021-464 (the "State Court Action"). The State Court Action is now pending in that court.

On or about January 11, 2022, Plaintiff served Defendant with the Complaint in the State Court Action. Attached as Exhibit A is a copy of the Summons and Complaint in the State Court Action. The document attached as Exhibit A constitutes "all process, pleadings, and orders" in the State Court Action, pursuant to 28 U.S.C. § 1446(a). A certified copy of the State Court record has been requested and will be filed with this Court upon receipt.

1

## TIMELINESS OF REMOVAL

This Notice of Removal is timely filed within thirty (30) days after Defendant was served with the Complaint in the State Court Action, as required by 28 U.S.C. § 1446(b)(1). See 28 U.S.C. § 1446(b); Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999).

This Notice of Removal is also filed within one year of the commencement of the State Court Action and is therefore timely under 28 U.S.C. § 1446(c)(1).

## GROUNDS FOR NOTICE OF REMOVAL

Removal is proper based on this Court's original diversity jurisdiction pursuant to 28 U.S.C. § 1332. 28 U.S.C. § 1332(1) provides, in relevant part, that:

> The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States[.]

This action is a civil action over which the Court has original jurisdiction based on diversity of citizenship because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs, as set forth below.

I.  Diversity of Citizenship

According to the Complaint, Plaintiff is a citizen of the State of Maine. See Exhibit A, Complaint at p. 1, ¶ 2.

For diversity jurisdiction purposes, a corporation is deemed a citizen of its State of incorporation and the State where it has its principal place of business. See 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court,

> the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' We believe that the 'nerve center' will typically be found at a corporation's headquarters."

2

Hertz Corp, v. Friend, 559 U.S. 77, 80-81 (2010) (citations omitted).

Defendant is incorporated under the laws of the State of Delaware. Defendant's corporate headquarters are located at 165 Flanders Road, Westborough, Massachusetts. Thus, Defendant's principal place of business is in the State of Massachusetts. Accordingly, Defendant is a citizen of the States of Delaware and Massachusetts for purposes of determining diversity of citizenship, and the parties are completely diverse. Diversity of citizenship existed between the parties at the time Plaintiff's Complaint was filed and continues to exist at the time this Notice of Removal is being filed.

B.  Amount in Controversy

Although Plaintiff's Complaint does not specify the precise amount of damages sought, it is more likely than not that the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs. "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 84 (2014) (citing 28 U.S.C. § 1446(c)(2)(A)). "[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Id. at 89. In his Complaint, Plaintiff is seeking back pay, front pay, and benefits since his discharge from Defendant's employment on June 5, 2020, compensatory and special damages, punitive damages, and attorney's fees. See Exhibit A, Complaint at p. 6. As a result, it is more likely than not that the amount in controversy in this case exceeds $75,000.00, exclusive of interests and costs. Accordingly, this Court has jurisdiction over the pending action pursuant to 28 U.S.C. § 1332(a).

## VENUE

The United States District Court for the District of Maine is the District Court of the United States within which the State Court Action is currently pending, and therefore venue is proper under 28 U.S.C. §§ 1441(a) & 1446(a).

## NOTICE TO ADVERSE PARTIES AND STATE COURT

Pursuant to 28 U.S.C. § 1446(d), Defendant is submitting a copy of this Notice of Removal for filing with the Clerk of the Superior Court of the State of Maine, Cumberland County.

Pursuant to 28 U.S.C. § 1446(d), upon filing of this Notice of Removal, Defendant gave written notice thereof to Plaintiff's counsel, Jeffrey Bennett, Esq. of Legal-Ease LLC, P.A., 198 Maine Mall Rd., #2, South Portland, Maine.

## RESERVATION OF RIGHTS

By filing the Notice of Removal, Defendant does not waive any objections it may have as to service, jurisdiction, or venue, or any other defenses available to it at law, in equity or otherwise. Defendant intends no admission of fact or law by this Notice and expressly reserves all defenses and motions.

If the Court should be inclined to remand this action, Defendant requests that the Court issue an Order to Show Cause why the case should not be remanded, providing Defendant an opportunity to present briefing and argument prior to any possible review. Because a remand order is not subject to appellate review, such a procedure is appropriate.

As required by 28 U.S.C. § 1446(a), this Notice of Removal is signed under Rule 11 of the Federal Rules of Civil Procedure.

**RELIEF REQUESTED**

Defendant requests that the United States District Court for the District of Maine assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

WHEREFORE, Defendant respectfully requests that this action proceed as an action properly removed from the Superior Court of the State of Maine, Cumberland County, to the United States District Court for the District of Maine.

Dated:  January 31, 2022                           Respectfully submitted,


                                                   */s/ David Strock*
                                                   David Strock, (Bar No. 008846)
                                                   Timothy H. Powell, (Bar No. 006137)
                                                   LITTLER MENDELSON, P.C.
                                                   1 Monument Square, Suite 600
                                                   Portland, ME  04101
                                                   207.774.6001
                                                   dstrock@littler.com
                                                   tpowell@littler.com

                                                   *Attorneys for Defendant*
                                                   *Cumberland Farms, Inc.*

## CERTIFICATE OF SERVICE

I, David Strock, hereby certify that I electronically filed the foregoing document using the CM/ECF system on the date noted below, which will send notification of such filing to the following:

Jeffrey Bennett, Esq.
LEGAL-EASE LLC, P.A.
198 Maine Mall Rd., #2
South Portland, ME 04106
(207) 805-0055
jbennett@legal-ease.com

*Attorney for Plaintiff Tommy Stowe*

Dated:  January 31, 2022

>  /s/ David Strock
>  David Strock, (Bar No. 008846)
>  Timothy H. Powell, (Bar No. 006137)
>  LITTLER MENDELSON, P.C.
>  1 Monument Square, Suite 600
>  Portland, ME  04101
>  207.774.6001
>  dstrock@littler.com
>  tpowell@littler.com
>
>  *Attorneys for Defendant*
>  *Cumberland Farms, Inc.*

CONTAINS NONPUBLIC DIGITAL INFORMATION

MAINE JUDICIAL BRANCH

EXHIBIT A

Tim_____ Plaintiff

V.

_____ Farms, Inc. Defendant
_____ Address
_____

"X" the court for filing:
☒ Superior Court ☐ District Court
County: Cumberland
Location (Town): Portland
Docket No.: CV-2021-___

### SUMMONS
M. R. Civ. P. 4(d)

The Plaintiff has begun a lawsuit against you in the ☐ District ☒ Superior Court, which holds sessions at (street address) 205 Newbury Street _____, in the Town/City of Portland _____, County of Cumberland _____, Maine. If you wish to oppose this lawsuit, you or your attorney **MUST PREPARE AND SERVE A WRITTEN ANSWER** to the attached Complaint **WITHIN 20 DAYS** from the day this Summons was served upon you. You or your attorney must serve your Answer by delivering a copy of it in person, by mail, or by email to the Plaintiff's attorney, whose name and address, including email address appear below, or by delivering a copy of it in person or by mail to the Plaintiff, if the Plaintiff's name and address appear below. You or your attorney must also file the original of your Answer with the court by mailing it to: Clerk of ☐ District ☒ Superior Court,

_____, Portland _____, Maine 04101
(Mailing Address)         (Town, City)                    (Zip)

before, or within a reasonable time after, it is served. Court rules governing the preparation and service of Answers are found at www.courts.maine.gov.

**IMPORTANT WARNING:** If you fail to serve an answer within the time stated above, or if, after you answer, you fail to appear at any time the Court notifies you to do so, a judgment by default may be entered against you in your absence for the money damages or other relief demanded in the Complaint. If this occurs, your employer may be ordered to pay part of your wages to the Plaintiff or your personal property, including bank accounts and your real estate may be taken to satisfy the judgment. **If you intend to oppose this lawsuit, do not fail to answer within the requested time.**

If you believe the plaintiff is not entitled to all or part of the claim set forth in the Complaint or if you believe you have a claim of your own against the Plaintiff, you should talk to a lawyer. If you feel you cannot afford to pay a fee to a lawyer, you may ask the clerk of court for information as to places where you may seek legal assistance.

Date (mm/dd/yyyy): 1-__-22

Jeffrey Bennett, Esq. #1233
198 Maine Mall Rd Box #2
South Portland, ME 04106
207-___-____
_____

(☒ Attorney for) Plaintiff
Address

Telephone
Email Address

(Seal of Court)

_Caitlin M. Killen_
Clerk

ADA Notice: The Maine Judicial Branch complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation contact the Court Access Coordinator, accessibility@courts.maine.gov, or a court clerk.
Language Services: For language assistance and interpreters, contact a court clerk or interpreters@courts.maine.gov.

CONTAINS NONPUBLIC DIGITAL INFORMATION

MAINE JUDICIAL BRANCH

STATE OF MAINE

_____ County

On (date) _____, I served the Complaint (and Summons, and <u>Notice Regarding Electronic Service</u>) upon Defendant _____ by delivering a copy of the same at the following address:

_____

☐ to the above-named Defendant in hand.

☐ to (name) _____, a person of suitable age and discretion who was then residing at Defendant's usual residence.

☐ to (name) _____, who is authorized to receive service for Defendant

☐ by (describe other manner of service): _____

_____

Date (mm/dd/yyyy): _____    ▶ _____
                                              Deputy Sheriff Signature

_____
Printed Name

**Costs of Service:**                           _____
                                              Agency

Service:     $ _____
Travel:      $ _____
Postage:     $ _____
Other:       $ _____

Total        $ _____

ADA Notice: The Maine Judicial Branch complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation contact the Court Access Coordinator, accessibility@courts.maine.gov, or a court clerk.
Language Services: For language assistance and interpreters, contact a court clerk or interpreters@courts.maine.gov.

## MAINE JUDICIAL BRANCH

| Complete the caption that applies to your case: | "X" the court for filing: |
|---|---|
| ☒ Tommy Stowe          Plaintiff/Petitioner | ☒ Superior Court  ☐ District Court |
|  | ☐ Unified Criminal Docket |
|  | ☐ Supreme Judicial Court |
| V. | County: Cumberland |
| Cumberland Farms, Inc.    Defendant/Respondent | Location (Town): Portland |
| _____ Other Party | Docket No.: CV-2021- |

**OR**

☐ IN RE: _____

## NOTICE REGARDING ELECTRONIC SERVICE

**NOTICE TO PARTIES:** All parties who are represented by an attorney are subject to the requirements of Electronic Service under Rule 5 of the Maine Rules of Civil Procedure, and Rule 49(d) of the Maine Rules of Unified Criminal Procedure.

**OPT IN:** *If you do not have an attorney,* papers that must be served on you <u>by other parties</u> in this case will be sent to you through the regular mail to your address of record. But **you have a choice** to allow other parties to serve you by sending documents electronically to your designated email address.

> **PLEASE NOTE:** Any electronic service that you opt into applies only to papers served on you by other parties. It does not apply to documents that are sent to you by the court or documents that you file with the court.
>
> **Even if you opt in to allow service by email, you can only send documents to the other parties by email if (1) they also opt in by completing this form, and (2) you can scan and create .pdf files of documents.**

<u>If you choose not to opt in, you do not need to do anything</u>. If you would like to receive papers electronically, you must meet the requirements set forth below. Check the appropriate box(es), sign, and mail or email the form to all other parties in the case. <u>Do not file this form with the Court</u>.

☒ **Electronic Receipt:** I choose to OPT IN to allow other parties to email me documents in this case. I have reviewed and meet all of the following electronic receipt requirements:
  ☒ I have a trusted email account and I have daily access to this account;
  ☒ I understand that **I will receive time-sensitive documents** through this email address including documents that may require me to take action in this case;
  ☒ This email account has available electronic storage of at least 1 gigabyte;
  ☒ This email account accepts emails with attachments of up to 10 megabytes; and
  ☒ I will be able to maintain this email account throughout this case.

Date (*mm/dd/yyyy*):   1-3-22

▶ /s/ Jeffrey Bennett
Signature of Self-Represented Party
*(You do not have to print and sign this form. Typing your name above after /s/ will be accepted as an electronic signature.)*

Print name: Jeffrey Bennett
Print email address: jbennett@legal-ease.com

**ADA Notice:** The Maine Judicial Branch complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation contact the Court Access Coordinator, accessibility@courts.maine.gov, or a court clerk.
**Language Services:** For language assistance and interpreters, contact a court clerk or interpreters@courts.maine.gov.

STATE OF MAINE                                 SUPERIOR COURT
CUMBERLAND, SS                                 CIVIL ACTION
                                               Docket No. CV-2021-464

TOMMY STOWE,                      )
an individual residing in Portland, )
County of Cumberland, State of    )
Maine,                            )
                                  )
    Plaintiff,              )
                                  )     COMPLAINT
v.                                )
                                  )
CUMBERLAND FARMS, INC.,           )
of Portland, County of Cumberland,)
State of Maine,                   )
                                  )
    Defendant.              )

By this action, the Plaintiff seeks to recover from the Defendant for, inter alia, Wrongful Employment Discrimination, Retaliation and Discharge in violation of: 1) Maine's Whistleblower's Protection Act, 26 MRSA §831 et seq. and 26 M.R.S.A. §570; and 2) Maine Human Rights Act, 5 M.R.S.A. §4551, et. seq., (including §4633).

### PARTIES, JURISDICTION, AND VENUE

1. This Court has jurisdiction pursuant to 5 M.R.S.A. §4621.

2. Plaintiff Tommy Stowe is a resident of Portland, Cumberland County, Maine.

3. Defendant Cumberland Farms, Inc., ("Defendant") is part of a regional chain of convenience stores with a primary place of business at 49 Pine Street, Portland, Cumberland County, Maine. Defendant employs approximately 6,000 employees.

4. This Court is an appropriate venue for this dispute because the unlawful employment discrimination occurred in Portland, Cumberland County, Maine.

REC'D CUMB CLERKS OF
DEC 27 '21 PM2:03

## STATEMENT OF FACTS

1. On or about May 29, 2020, Plaintiff was employed by Defendant at its Pine Street, Portland, Maine store ("Pine Street store").

2. Plaintiff performed his job satisfactory.

3. On or about April 29, 2020, in response to the world-wide COVID-19 pandemic, Governor Janet Mills issued certain emergency executive orders and mandates requiring the public to wear masks inside retail stores operating in the State of Maine. Governor Mill's executive order and mandate was posted inside the Pine Street store.

4. Defendant, through management, directed Plaintiff to serve customers without masks in violation of Governor Mills executive order and mandate. Plaintiff verbally objected to his store and regional managers because in good faith, he believed Defendant directly violated the law and caused an unsafe workplace exposing Plaintiff and others to the risk of contracting the dangerous and deadly COVID-19 virus.

5. On May 29, 2020, at approximately 3:00 a.m., during Plaintiff's shift, a customer entered the Pine Street store without a mask, endangering Plaintiff by placing him at risk of contracting COVID-19.

6. Plaintiff asked the customer to put on a mask and the customer refused, becoming agitated, irate and aggressive towards Plaintiff.

7. Plaintiff denied the customer service and asked him to leave the store.

8. On June 5, 2020, Plaintiff received a termination notice from Defendant stating he was terminated because he "refused the customer service as he did not have a mask on...".

9. Later the same day, June 5, 2020, Defendant revised its termination notice to state a different reason.

2

10. Plaintiff, prior to termination, complained and reported to Defendant his good faith belief that Defendant's directive to serve maskless customers was a violation of law and a safety concern.

11. Plaintiff, prior to termination, denied a maskless customer service believing in good faith he was acting in compliance with the law and posted notices inside Defendant's Pine Street store.

12. Plaintiff, after complaining and reporting, in good faith, Defendant's violations of law, safety, and health matters, and after complying with the law by denying service to a maskless customer, was fired.

13. Prior to reporting the violation of law and safety matters and health conditions, Defendant had not informed Plaintiff of any complaints with his work. Defendant, at the time of firing, informed Plaintiff that his termination was for refusing service to a customer who was not wearing a mask.

14. Prior to filing this Complaint, Plaintiff timely filed a complaint with the Maine Human Rights Commission and EEOC.

15. On August 20, 2021, Plaintiff received his Right to Sue letter from the Maine Human Rights Commission.

16. Plaintiff has suffered significant injuries and indignities, including economic loss and loss of career path and past, present and future earnings and earning potential and other damages.

## COUNT I – WRONGFUL DISCRIMINATION AND DISCHARGE IN VIOLATION OF THE MAINE HUMAN RIGHTS ACT

17. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs one through 16, as if set forth fully herein.

18. Defendant's conduct as herein alleged violated 5 M.R.S.A. §4572, which under Maine law prohibits unlawful discrimination and retaliation.

19. Defendant's conduct herein alleged violated Maine's Human Rights Act, which makes it an unlawful employment practice for an employer to discharge and/or discriminate against an employee in the terms, conditions and privileges of employment because of his protected status. 5 M.R.S.A. §4572.

20. Defendant discriminated against Plaintiff in violation of the Maine Human Rights Act when Defendant discharged Plaintiff.

21. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered loss in compensation (past, present, and future), earning capacity, career path, humiliation, mental anguish and emotional distress. As a result of such actions and consequent harms, Plaintiff has suffered damages in an amount to be proved at trial.

22. Defendant's wrongful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

23. By virtue of the foregoing, Defendant is liable to Plaintiff for discrimination and discharge in violation of the Maine Human Rights Act in an amount to be determined together with interest, costs, and attorneys' fees. Plaintiff seeks recovery of all available remedies and all form of damages, including punitive damages.

## COUNT II WHISTLEBLOWER PROTECTION, RETALIATION AND WRONFUL DISCHARGE

24. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs one though 23, as if set forth fully herein.

25. Defendant's conduct as herein alleged violated Maine's Whistleblower Protection Act, 26 M.R.S.A. §831 et. Seq. and violated 26 M.R.S.A. §570, and violated the Maine Human Rights Act, 5 M.R.S.A. §4551, et. seq. (including §4633), which makes it a wrongful employment practice for an employer to discharge, retaliate or discriminate against an employee in the terms, conditions, location and privileges of employment because the employee, acting in good faith, reports to the employer or a public entity, what the employee has reasonable cause to believe is a violation of law or a condition, practice or situation that put at risk the health or safety of that employee or another individual.

26. Plaintiff acting in good faith reported to Defendant that its direction to serve maskless customers was a safety violation and violation of law that put the health and safety of Plaintiff and other workers and customers at risk, and that Plaintiff's refusal of service to a maskless person was a protected act under law.

27. Defendant violated the Whistleblowers' Protection Act, 26 M.R.S.A. §831, 26 M.R.S.A. §570 and the Maine Human Rights Act when Defendant fired Plaintiff. Defendant retaliated and fired Plaintiff because of his protected activities.

28. As a direct and proximate result of Defendant's wrongful actions, Plaintiff has suffered losses in compensation (past, present, and future), earning capacity, career path, humiliation, mental anguish and emotional distress. As a result of such actions and consequent harms, Plaintiff has suffered damages in an amount to be proved at trial.

5

29. Defendant's wrongful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

30. By virtue of the foregoing, Defendant is liable to Plaintiff for wrongful discrimination, retaliation, and discharge in violation of the Whistleblower Protection Act, 26 M.R.S.A. §831, 26 M.R.S.A. §570 and the Maine Human Rights Act, in an amount to be determined together with interest, costs, and attorneys' fees. Plaintiff seeks recovery of all available remedies and all form of damages, including punitive damages.

## RELIEF SOUGHT

WHEREFORE, Plaintiff requests this Court to enter judgment against the Defendant, as follows:

1. Enter a judgment in favor of Plaintiff on each Count of this Complaint;
2. Order Defendant to pay back pay, front pay, employment benefits and all other compensation denied or lost to Plaintiff by reason of Defendant actions, in amounts to be proved at trial;
3. Order Defendant to pay compensatory and special damages for Plaintiff's loss of career path, medical and counseling expenses (past and future) emotional distress and suffering (past and future) in amounts to be proven at trial;
4. Order Defendant to pay exemplary and punitive damages;
5. Order Defendant to pay attorneys' fees and costs of the action;
6. Order Defendant to pay interest at the legal rate on such damages as appropriate, including pre and post judgment interest; and
7. Grant all additional relief that is legally available.

## JURY DEMAND

Plaintiff requests a trial by jury.

DATED at South Portland, Maine, December 21, 2021.

                                                Respectfully Submitted,
                                                Tommy Stowe,
                                                By his attorney,

                                                Jeffrey Bennett, Esq., #7223

LEGAL-EASE LLC, P.A.
198 Maine Mall Rd., #2
South Portland, ME 04106
T. (207) 805-0055
F. (207) 805-0099

7

COPY

CONTAINS NONPUBLIC DIGITAL INFORMATION

**MAINE JUDICIAL BRANCH**

Tommy Stowe _____ Plaintiff

"X" the court for filing:
[X] Superior Court  [ ] District Court
County: Cumberland
Location (Town): Portland
Docket No.: CV-2021-___

V.

Cumberland Farms, Inc. _____ Defendant
90 Pine Street _____ Address
Portland ME 04102

**SUMMONS**
M. R. Civ. P. 4(d)

The Plaintiff has begun a lawsuit against you in the [ ] District [X] Superior Court, which holds sessions at (street address) 205 Newbury Street, in the Town/City of Portland, County of Cumberland, Maine. If you wish to oppose this lawsuit, you or your attorney MUST PREPARE AND SERVE A WRITTEN ANSWER to the attached Complaint WITHIN 20 DAYS from the day this Summons was served upon you. You or your attorney must serve your Answer by delivering a copy of it in person, by mail, or by email to the Plaintiff's attorney, whose name and address, including email address appear below, or by delivering a copy of it in person or by mail to the Plaintiff, if the Plaintiff's name and address appear below. You or your attorney must also file the original of your Answer with the court by mailing it to: Clerk of [ ] District [X] Superior Court,

205 Newbury Street (Mailing Address), Portland (Town, City), Maine 04101 (Zip)

before, or within a reasonable time after, it is served. Court rules governing the preparation and service of Answers are found at www.courts.maine.gov.

**IMPORTANT WARNING**: If you fail to serve an answer within the time stated above, or if, after you answer, you fail to appear at any time the Court notifies you to do so, a judgment by default may be entered against you in your absence for the money damages or other relief demanded in the Complaint. If this occurs, your employer may be ordered to pay part of your wages to the Plaintiff or your personal property, including bank accounts and your real estate may be taken to satisfy the judgment. If you intend to oppose this lawsuit, do not fail to answer within the requested time.

If you believe the plaintiff is not entitled to all or part of the claim set forth in the Complaint or if you believe you have a claim of your own against the Plaintiff, you should talk to a lawyer. If you feel you cannot afford to pay a fee to a lawyer, you may ask the clerk of court for information as to places where you may seek legal assistance.

Date (mm/dd/yyyy): 1-3-22
Jeffrey Bennett, Esq. #1223
98 Maine Mall Rd Box 112
South Portland, ME 04106
([X] Attorney for) Plaintiff
Address

807-805-0055  Telephone
jbennett@legal-ease.com  Email Address

(Seal of Court)

Caitlin M. Killeen
Clerk

**ADA Notice**: The Maine Judicial Branch complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation contact the Court Access Coordinator, accessibility@courts.maine.gov, or a court clerk.
**Language Services**: For language assistance and interpreters, contact a court clerk or interpreters@courts.maine.gov.

CV-030, Rev. 07/18
Summons

Page 1 of 2

Sonny J. Rinaldi
D. Sheriff
1-11-22

www.courts.maine.gov

Brook

CONTAINS NONPUBLIC DIGITAL INFORMATION

MAINE JUDICIAL BRANCH

STATE OF MAINE

_____ County

On (date) _____, I served the Complaint (and Summons, and Notice Regarding Electronic Service) upon Defendant _____ by delivering a copy of the same at the following address:

_____

☐ to the above-named Defendant in hand.

☐ to (name) _____, a person of suitable age and discretion who was then residing at Defendant's usual residence.

☐ to (name) _____, who is authorized to receive service for Defendant.

☐ by (describe other manner of service): _____

_____

Date (mm/dd/yyyy): _____   ▶ _____
                                          Deputy Sheriff Signature

                                      _____
                                          Printed Name

                                      _____
                                          Agency

**Costs of Service:**

Service:  $ _____
Travel:   $ _____
Postage:  $ _____
Other:    $ _____

Total     $ _____

ADA Notice: The Maine Judicial Branch complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation contact the Court Access Coordinator, accessibility@courts.maine.gov, or a court clerk.
Language Services: For language assistance and interpreters, contact a court clerk or interpreters@courts.maine.gov

CV-030, Rev. 07/18         Page 2 of 2         www.courts.maine.gov
Summons