UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TOMMY STOWE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket No. 2:22-cv-00026-NT |
| | ) |
| CUMBERLAND FARMS, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION IN LIMINE TO EXCLUDE ARGUMENT ON PROTECTED CONDUCT**

On December 22, 2023, the Defendant, Cumberland Farms, Inc. ("**Cumberland Farms**"), filed a motion in limine to prevent the Plaintiff, Tommy Stowe, from arguing at trial that he engaged in protected conduct under the Maine Whistleblowers' Protection Act ("**MWPA**") by "deny[ing] a maskless customer service believing in good faith he was acting in compliance with the law." Def.'s Mot. in Limine to Exclude Argument on Protected Conduct ("**Def.'s MIL**") 1 (ECF No. 78). The Plaintiff opposes this motion. *See* Opp'n to Def.'s MIL (ECF No. 91).

Before addressing the parties' arguments, I lay out a few facts relevant to the motion. Stowe was employed as a Guest Service Associate at a Cumberland Farms convenience store during the outbreak of the COVID-19 pandemic. Def.'s MIL 1. On April 29, 2020, Governor Janet Mills issued an executive order (the "**Executive Order**"), which required individuals to wear cloth face coverings in public settings, including retail stores. Me. Exec. Order No. 49 FY 19/20 (Apr. 29, 2020). Cumberland Farms placed signs in its stores, which relayed its policy that customers were

required to wear face masks inside. Def.'s MIL 1–2. Cumberland Farms also had an internal store policy that stated that employees should remind guests to wear a mask, but "at no point will we refuse service or get into a verbal confrontation with a guest" who refused to wear one. *See* Def.'s MIL 2. Stowe complained to certain Cumberland Farms managers that the policy not to refuse service to maskless guests violated the Executive Order and was unfair and unsafe. *See* Def.'s MIL 2.

On May 29, 2020, Stowe was working a night shift when a customer entered the store without a face covering. Def.'s MIL 2. Stowe asked the customer if he had a mask, and the customer said no. Stowe informed him of Cumberland Farms' masking policy. The customer responded in an agitated tone and swore at Stowe. Stowe told the customer to leave, and the customer asked if Stowe was refusing service because he was not wearing a mask. Def.'s MIL 2. Stowe answered that he was refusing service based on how the customer was treating him, not because he was not wearing a mask. The customer left the store. As the customer left, Stowe shouted, "Don't fucking come back!" and loudly closed the door. Def.'s MIL 2–3.

Cumberland Farms decided to fire Stowe. Stowe received a termination notice that said he refused the customer service as he did not have a mask on. Stowe objected in part because he refused service because of the customer's abusive conduct, not because the customer was maskless. The termination notice was revised to that effect. *See* Def.'s MIL 3.

Stowe sued the Defendant under the MWPA, among other claims. Compl. ¶¶ 24–30 (ECF No. 1). The Complaint alleged that Stowe "acting in good faith

2

reported to Defendant that its direction to serve maskless customers was a safety violation and violation of law that put the health and safety of Plaintiff and other workers and customers at risk, and that Plaintiff's refusal of service to a maskless person was a protected act under law." Compl. ¶ 26.

The first instance of protected conduct—reporting that the Defendant's policy to serve maskless customers was a safety and legal violation—is not at issue here. The second instance—the Plaintiff's refusal to serve a maskless person—was addressed during summary judgment. The Defendant challenged whether this instance constituted protected conduct since Stowe maintained that he did *not* refuse service because the customer was maskless, but because of the customer's abusive conduct. Def.'s Mem. of Law in Supp. of Mot. for Summ. J. 14–15 (ECF No. 50). The Plaintiff did not respond to this argument. *See* Pl.'s Opp'n to Def.'s Mot. for Summ. J. (ECF No. 52). I inferred that "the Plaintiff is not pursuing a refusal theory of protected conduct under section 833(1)(D) of the MPWA, which provides that an employer may not discharge an employee because that employee has 'refused to carry out a directive to engage in activity that would be a violation of a law or rule adopted under the laws of this State.'" Order on MSJ 10 n.9 (citing 26 M.R.S.A. § 833(1)(D)) (ECF No. 58).

Now, the Defendant has filed a motion in limine to prevent the Plaintiff from arguing at trial that "his act of refusing service to the customer on May 29, 2020 itself constitutes protected activity." Def.'s MIL 7. It argues that I ruled at summary judgment that the Plaintiff had waived this theory of protected conduct, so the

3

Plaintiff cannot now pursue a refusal theory under Section 833(1)(D). Def.'s MIL 5. It further argues that Stowe admitted multiple times that he did *not* deny the maskless customer service because he was not wearing a mask, but because he was rude. Def.'s MIL 5–6. And the Defendant contends that if Stowe could argue that his actions on May 29, 2020, constituted protected activity, this would confuse and mislead the jury. Def.'s MIL 7.

In his opposition to the Defendant's motion in limine, the Plaintiff concedes that he did not deny the customer service because he was maskless. Opp'n to Def.'s MIL 1. However, the Plaintiff argues that "his interaction with the customer—*asking* the customer if he had a mask—was protected conduct under the MWPA." Opp'n to Def.'s MIL 1. He argues that the purpose of asking was to "comply with both Cumberland Farms' safety policies and the State of Maine mask mandate." Opp'n to Def.'s MIL 1. The Plaintiff concedes that, consistent with my order denying the motion for summary judgment, he "is not seeking a refusal theory of protected conduct under section 833(1)(D)." Opp'n to Def.'s MIL 1. But the Plaintiff wants to testify "that he engaged in protected conduct by asking if the customer had a mask." Opp'n to Def.'s MIL 2. At a telephone conference on January 19, 2024, one of the Plaintiff's attorneys again explained that he plans to argue that the Plaintiff started engaging in protected conduct on May 29, 2020, when he asked the customer if he had a mask.

I fail to see how asking a customer if he had a mask could constitute protected conduct under the MWPA. The parties agree that the Plaintiff is not pursuing a

4

refusal theory under section 833(1)(D).[1] The only two other possible avenues for the Plaintiff to demonstrate that this exchange was protected conduct are through subsections (1)(A) and (1)(B). Subsection (1)(A) protects an employee who, "acting in good faith, . . . reports orally or in writing to the employer or a public body what the employee has reasonable cause to believe is a violation of a law or rule." Subsection (1)(B) protects an employee who "acting in good faith. . . reports to the employer or a public body, orally or in writing, what the employee has reasonable cause to believe is a condition or practice that would put at risk the health or safety of that employee or any other individual." But neither of these apply to the Plaintiff's actions on May 29, 2020, because they involve *reporting* legal violations or safety concerns *to an employer or public body*. Accordingly, there is no statutory basis for the Plaintiff to argue that asking the customer if he had a mask was protected conduct, and allowing him to do so would unnecessarily confuse the jury.

The Plaintiff also argues against granting the motion in limine because Cumberland Farms originally stated that it fired Stowe because he refused to serve the maskless customer. Opp'n to Def.'s MIL 2. Stowe argues that "[t]herefore, [he] must not be precluded from arguing this factual point because it was the reason given

---

[1] Even if this were not the case, it would not be a viable theory because the law protects an employee who in good faith "*refuse[s] to carry out a directive to engage in activity* that would be a violation of a [State] law or rule . . . or that would expose the employee or any individual to a condition that would result in serious injury or death." 26 M.R.S. § 833(1)(D) (emphasis added). Cumberland Farms' policy required Stowe to remind the customer to wear a mask, so he was following that directive, not refusing to carry it out. And while he eventually denied the customer service, which would come closer to refusing to carry out the allegedly unsafe and illegal policy of not refusing maskless customers service, the Plaintiff has repeatedly stated that he refused service because the customer was rude, not because he was maskless (and thus causing a safety or legal concern).

5

by Cumberland Farms," and is essential to getting into Cumberland Farms' motivation for terminating him and his complaints about the company's policies. Opp'n to Def.'s MIL 2. At the January 19 conference, the Plaintiff argued that what is important is that Cumberland Farms fired him because it *thought*[2] he was refusing to serve a maskless customer for not wearing a mask, which would have been protected conduct.

The facts surrounding the Plaintiff's interaction with the customer and the language of Cumberland Farms' original termination notice are clearly relevant. This evidence supports the Plaintiff's argument that he was not fired because he used profanity but because he repeatedly complained about Cumberland Farms' masking policies. In other words, this evidence goes to the element of causation, not to the element of protected conduct.

For the reasons stated above, the Court **GRANTS** the Defendant's motion in limine (ECF No. 78). The Plaintiff may not argue at trial that he engaged in protected conduct by refusing service to a customer because he was not wearing a mask or that asking the customer whether he had a mask was protected conduct. The Plaintiff

---

[2] There are statutory schemes that do prohibit discrimination based on perception. Under the Americans with Disabilities Act, for example, an employer cannot discriminate against an employee who is perceived to have a disability, regardless of whether the employee has an actual disability. 42 U.S.C. § 12102(1)(C) and 12102(3)(A) ("An individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity."). No such similar language is found in the MWPA.

may, however, submit evidence regarding Stowe's interaction with the customer and Cumberland Farms' termination letters as relevant to the element of causation.

SO ORDERED.

                                                   /s/ Nancy Torresen_____
                                                 United States District Judge

Dated this 22nd day of January, 2024.